NOT DESIGNATED FOR PUBLICATION

No. 119,343

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM MICHAEL FLENNIKEN IV,
*Appellant*.


MEMORANDUM OPINION

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed May 17, 2019. Affirmed.

*Andy Vinduska*, of Manhattan, for appellant.

*Jeremy J. Crist*, assistant county attorney, *John A. Griffin*, legal intern, *Barry Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., BRUNS, J., and BURGESS, S.J.


PER CURIAM: William Michael Flenniken IV appeals his conviction for driving under the influence of alcohol (DUI) in Riley County District Court. Flenniken contends the State failed to produce sufficient evidence that he operated a motor vehicle under the influence of alcohol. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Ryan Kyriss, an employee of Applebee's restaurant in Manhattan, was taking trash out to the dumpster behind the restaurant late on the evening on July 26, 2017. He heard yelling and screaming and peered over a wall in the direction of the commotion. Kyriss saw a man—later identified as Flenniken—walk across the parking lot from the direction of the movie theater and throw a woman—later identified as Flenniken's wife—to the ground near the side entrance of the restaurant. Kyriss went back inside to call the police, but he continued to watch the interactions of the Flennikens from the bank of windows overlooking the parking lot.

As Kyriss spoke on the phone with the police, Flenniken walked away from the restaurant toward the movie theater. A few moments later, Kyriss saw an SUV pull up in front of the restaurant, and Flenniken climbed out of the driver's seat. After getting up from the ground, Flenniken's wife had moved to some benches in front of the restaurant. According to Kyriss, Flenniken's wife never got into the SUV from the time he noticed the altercation until the police arrived. The police arrived shortly after Flenniken had pulled the SUV to the front of the restaurant.

Riley County Police Officer Brian Dow received a domestic disturbance call at approximately 11:20 p.m. on July 26, 2017. He arrived at Applebee's within minutes of the call. As Officer Dow exited his patrol vehicle and approached the Flennikens, he noted that the driver's side door of the SUV was ajar, and the SUV's engine was running. Flenniken's wife was still sitting on the benches in front of the restaurant. Flenniken was standing a few feet from his wife, and they were both shouting at one another. Officer Dow approached Flenniken and attempted to speak with him. The officer detected a strong odor of alcohol on Flenniken's breath and observed that he had watery, red, bloodshot eyes. Officer Dow had difficulty communicating with Flenniken, who was continually distracted by his attempts to argue with his wife. Flenniken would respond

2

calmly to questions from Officer Dow at one moment and then scream at his wife the next. When asked, Flenniken admitted that he had been drinking earlier in the evening. While Officer Dow was present, Flenniken never demonstrated difficulty maintaining his balance.

Flenniken told Officer Dow that he and his wife had attended a movie at the nearby theater that evening. When the movie ended, he had gone to the restroom. When he came out of the restroom, his wife was gone. Flenniken asked people in the theater, who told him that a woman matching his wife's description had walked away from the theater on foot. Flenniken advised Officer Dow that he believed that his wife had gone to Applebee's to meet another man. Flenniken stated he had not driven the SUV but conflictingly admitted to the officer that he had driven from the theater to Applebee's, which was across the same parking lot.

Based on his observations of Flenniken, Officer Dow believed him to be under the influence of alcohol. Officer Dow attempted to check Flenniken for further indications of intoxication by checking Flenniken's pupils, but Flenniken responded by pulling out his cell phone and turning on the LED light for the video camera. Officer Dow advised Flenniken that he did not object to his video-recording their interactions but that the light was blinding him. Flenniken responded by telling Officer Dow that he would not submit to further testing.

Officer Dow arrested Flenniken and transported him to the jail. The officer provided Flenniken with implied consent advisories from the DC-70 form. When Officer Dow requested a breath test, Flenniken submitted. Officer Dow complied with the protocols established by the Kansas Department of Health and Environment in conducting the breath test, which was performed at 12:29 a.m. The printout from the Intoxilyzer 9000 indicated that Flennikan had a breath-alcohol concentration of .185.

The State charged Flenniken with misdemeanor DUI (a second offense) and domestic battery. At trial on January 10, 2018, the State voluntarily dismissed the domestic battery count. At trial, Officer Dow and Kyriss testified on behalf of the prosecution, and Flenniken's wife testified for the defense. Her testimony was fairly consistent with the account Flenniken told Officer Dow, except that she insisted that Flenniken never drove the SUV on July 26, 2017. She conceded that he was intoxicated to a point that rendered him incapable for driving safely and claimed that she kept the keys to the SUV. Her account differed materially from Kyriss' testimony on several points. She claimed that she tripped and fell, not that Flenniken threw her to the ground. She also testified that she got into the driver's seat of the SUV and drove around the parking lot before stopping in front of Applebee's, getting out of the SUV and sitting on the bench.

In considering the evidence, the district court noted that the parties did not dispute Flenniken's inebriated condition on the night of July 26, 2017. They disputed only whether he operated a vehicle while in that drunken condition. In finding Flenniken guilty of DUI, the court specifically found Kyriss' testimony more credible than the testimony of Flenniken's wife since Kyriss was an unbiased observer.

On April 23, 2018, the district court sentenced Flenniken to 90 days in jail but suspended the sentence in favor of 12 months' probation with 48 hours of jail time and 3 days of house arrest. The district court also imposed a $1,250 fine plus court costs.

The following day, Flenniken filed a notice of appeal.

DID THE STATE PRESENT SUFFICIENT EVIDENCE THAT FLENNIKEN
OPERATED OR ATTEMPTED TO OPERATE A MOTOR VEHICLE WHILE DUI?

On appeal, Flenniken challenges the sufficiency of the evidence supporting his conviction for DUI. The standard of appellate review is well established. The appellate court examines the evidence presented at trial in a light most favorable to the State and then determines whether that evidence is sufficient to permit a rational fact-finder to conclude that the defendant committed the charged offense beyond a reasonable doubt. In assessing the evidence, an appellate court does not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses. Circumstantial evidence may provide the basis for a conviction so long as the inferences drawn from the circumstances are reasonable. *State v. Lowery*, 308 Kan. 1183, 1236, 427 P.3d 865 (2018).

Essentially, the crime of DUI requires the State to prove two elements: driving and being under the influence of drugs or alcohol. The driving element may be established by proof that the defendant operated or attempted to operate a motor vehicle, and the under-the-influence element may be established by proof of any of the factual circumstances set forth in subsection (a) of K.S.A. 2017 Supp. 8-1567; see *State v. Ahrens*, 296 Kan. 151, 160, 290 P.3d 629 (2012). Flenniken does not challenge the State's evidence that he was impermissibly intoxicated within three hours of the breath test. Flenniken contends that the evidence was insufficient to establish that he operated or attempted to operate a motor vehicle within that three-hour window.

Taking the evidence in a light most favorable to the State, Flenniken operated a motor vehicle while under the influence of alcohol within the three-hour window permitted by law. When Officer Dow arrived at the scene at approximately 11:20 p.m., the SUV's engine was still running, and the driver's side door was slightly ajar. This supported a reasonable inference that the driver had recently exited the vehicle. According to Flenniken's own account to Officer Dow, his wife had walked across the

parking lot from the movie theater to the restaurant. Flenniken had later followed in the SUV. While Flenniken denied that he had driven, he also admitted to driving across the parking lot. In general, Flenniken's account is substantially consistent with Kyriss' testimony about the interactions he observed between Flenniken and his wife. Kyriss specifically noted that, as he was talking to the police, Flenniken walked away from the restaurant and returned shortly thereafter in the SUV. Kyriss specifically reported seeing Flenniken get out of the driver's side of the SUV and insisted that Flenniken's wife remained on the bench in front of the restaurant.

Because the evidence was sufficient to establish that Flenniken operated a motor vehicle within three hours of his breath test, the State's evidence was sufficient to sustain the district court's finding that Flenniken had committed DUI.

Affirmed.